IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **DEARBORN LIFE INSURANCE COMPANY d/b/a BLUE CROSS BLUE SHIELD OF TEXAS,**<br>  Plaintiff<br><br>vs.<br><br>**ADRIENNE RODRIGUEZ and CAROL FRAUSTO,**<br>  Defendants | § § § § § § § § § § | Case No. 1:23-CV-29-RP |

### ORDER GRANTING JOINT AGREED MOTION TO APPROVE INTERPLEADER

Before the Court is the Joint Agreed Motion to Approve Interpleader filed by Plaintiff Dearborn Life Insurance Company d/b/a Blue Cross Blue Shield of Texas ("Dearborn") on behalf of all parties. The Court, having considered the Motion, and having been advised that all remaining parties agree to the Motion, finds that the Motion should be GRANTED.

IT IS THEREFORE ORDERED that the Motion is granted, and the Court finds as follows:

1. At the time Dearborn filed this suit, there were rival claims to the $80,000.00 (Eighty Thousand and No/100 Dollars) in benefits ("Benefits") from a life insurance policy ("Policy") issued by Dearborn on the life of Frank Rodriguez, who died on September 23, 2022. The Policy was issued through Mr. Rodriguez's employer, the City of San Antonio.

2. The rival claims were adverse and conflicting. Dearborn was therefore in the position of an innocent stakeholder faced with the possibility of multiple liability and incidental costs.

3. Dearborn has no claim to or interest in the Benefits, which Dearborn at all times has been willing to deliver to the person or persons entitled to possession. Dearborn unconditionally offered to and was ready to deposit the Benefits with the Court.

4. Dearborn in no way colluded with any Defendant concerning the matters of this cause. Dearborn has not been, and will not be, indemnified in any manner by any Defendant. Dearborn filed its Original Complaint in Interpleader of its own free will to avoid multiple liability and unnecessary suits and costs incidental to them.

5. Dearborn is entitled to recover its reasonable and necessary attorney's fees, totaling $3,900.00 (Three Thousand Nine Hundred and No/100 Dollars), as well as $497.00 (Four Hundred Ninety-Seven and No/100 Dollars) in court costs, from the Benefits;

6. The remaining Benefits, after deducting Dearborn's costs of court and attorney's fees, total $75,603.00 (Seventy-Five Thousand Six Hundred Three and 00/100 Dollars).

7. Defendants have agreed to divide the $75,603.00 (Seventy-Five Thousand Six Hundred Three and 00/100 Dollars) in Benefits, 70 percent to Defendant Frausto and 30 percent to Defendant Rodriguez.

**IT IS THEREFORE ORDERED**:

1. The Original Complaint in Interpleader is **APPROVED**.

2. Dearborn may retain $4,397.00 from the Benefits in payment of its attorney's fees and costs.

3. The remaining Benefits, after deducting Dearborn's costs of court and attorney's fees, $75,603.00 (Seventy-Five Thousand Six Hundred Three and 00/100 Dollars).

4. Dearborn shall pay the remaining Benefits, $75,603.00 (Seventy-Five Thousand Six Hundred Three and 00/100 Dollars), to Defendants within 30 days of this order, as follows:

$52,922.10 (Fifty-Two Thousand Nine Hundred Twenty-Two and 10/100 Dollars) to Defendant Frausto; and $22,680.90 (Twenty-Two Thousand Six Hundred Eighty and 90/100 Dollars) to Defendant Rodriguez ("Payments").

5. Defendants Frausto and Rodriguez are to provide Dearborn with specific direction on how the Payments are to be made, and shall provide such further documentation, including IRS W-9 forms, as Dearborn may require.

**IT IS FURTHER ORDERED** that upon Dearborn's completion of the Payments, Dearborn shall be discharged from any further liability pertaining in any way to the Policy issued on the life of Frank Rodriguez, deceased.

**IT IS FURTHER ORDERED** that that upon Dearborn's completion of the Payments described above, Carol Frausto and Adrienne Rodriguez, and all persons acting by or through either of them, are permanently enjoined from taking any further action against Dearborn or any parent, subsidiary or affiliate thereof.

**IT IS FURTHER ORDERED** that Dearborn shall notify the Court when it has made the payments identified above, at which time the Court shall dismiss this case.

**IT IS FINALLY ORDERED** that Plaintiff's motion for interpleader disbursement, (Dkt. 17), is **GRANTED**, and Defendant's motion to vacate, (Dkt. 12), is **MOOT**.

Signed this 12 day of May, 2023.

_____
Honorable Robert Pitman
United States District Judge

APPROVED AS TO FORM AND CONTENT:

_____
Andrew MacRae
Attorney for Plaintiff

_____
Ann E. Buonocore
Attorney for Defendant Carol Frausto

_____
Markes Kirkwood
Attorney for Defendant Adrienne Rodriguez

4